**TROUTMAN SANDERS LLP**
Chad R. Fuller, Bar No. 190830
chad.fuller@troutmansanders.com
Justin M. Brandt, Bar No. 278368
justin.brandt@troutmansanders.com
11682 El Camino Real, Suite 400
San Diego, CA 92130-2092
Telephone:   858-509-6000
Facsimile:   858-509-6040

Attorneys for Defendant
SANTANDER CONSUMER USA INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APRIL LINDBLOM, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SANTANDER CONSUMER USA, INC., et al.,<br><br>Defendants. | Case No. 1:15-cv-00990-LJO-BAM<br><br>**STIPULATED PROTECTIVE ORDER** |

This litigation is currently in discovery, and it appears that such discovery will involve the disclosure of personal, confidential, trade secret, proprietary, technical, business, and/or financial information (hereinafter referred to collectively as "confidential information" or "confidential material"). Accordingly, it appearing that all of the parties consent to entry of this Agreed Protective Order, and for good cause, it is further ORDERED AS FOLLOWS:

28283939v1

1. All confidential information in this case shall be used solely for the purpose of this litigation and for no other purpose. In no event shall any person receiving confidential information use it for commercial or competitive purposes, make any public disclosure of the contents thereof, or use it in any other litigation, other than in conjunction with prosecuting or defending this litigation, provided, however, that nothing in this Agreed Protective Order will affect the admissibility in other litigations or judicial proceedings of anything produced in the present matter. Rather, the admissibility of such things in other litigations and judicial proceedings shall be determined by the arbitrator or judge presiding over those proceedings.

2. If any answer given or document produced in response to any discovery in this case contains any confidential information, the responding party may mark such information or document as "CONFIDENTIAL." Any information or document so marked shall not be disclosed to any person except as may be permitted by this Order. The designation of any information as "CONFIDENTIAL" shall be made in good faith.

3. This Agreed Protective Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party or person with respect to confidential information.

4. The aforesaid designation as to documents shall be made by placing a rubber stamp impression, label, or other mark of the word "CONFIDENTIAL" on each page of the document which the designating party wishes to designate as confidential. All documents so designated shall be labeled prior to the transmission of a physical copy thereof to the receiving party. Any and all medical records received by virtue of responses to subpoena or by production requests supplied by either party shall be assumed confidential. No designation of medical records as "CONFIDENTIAL" is necessary for purposes of this order.

5. The parties may designate portions of deposition testimony as "CONFIDENTIAL" by so designating such testimony before, during, or after the deposition. If testimony is designated as "CONFIDENTIAL," the designating party will clearly state on the record the reason for such designation. Simply denominating testimony as confidential is insufficient for purposes of this Order. The designation of testimony as confidential will not render the entire deposition as confidential. Only the specific portion of the testimony will receive a preliminary confidential designation. If testimony is designated as confidential following the deposition, said designation must be made no later than 15 days after receipt of said deposition transcripts. Any court reporter who transcribes testimony in this action at a deposition shall agree, before transcribing any such testimony, that testimony is "CONFIDENTIAL" and shall remain confidential and shall not be disclosed except as provided in this Order; the copies of any transcript, reporter's notes, or other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by such reporter or delivered to attorneys of record.

6. Subject to the provisions below, information and documents designated as "CONFIDENTIAL" shall be disclosed only to the Court, the parties, their attorneys, witnesses or potential witnesses, and persons assisting counsel. As used herein, the term "parties" includes the parties' officers, directors, and employees in a management capacity. As used herein, the phrase "persons assisting counsel" shall mean clerks, paralegals and secretaries in the regular employ of the parties' counsel, as well as any expert whose technical advice is being or will be used in connection with this litigation, either in preparation for trial or in the trial itself.

7. If any party or attorney for any party in this litigation desires to give, show, make available, or communicate any information or document designated "CONFIDENTIAL" to any person, other than the Court, or a party, such as to a person assisting counsel or to any witness, potential witness, and/or expert witness, the

attorney or party shall first give a copy of this Agreed Protective Order to such person, who shall read this Agreed Protective Order, be fully familiar with its provisions, and execute a written affirmation agreeing to its terms. If the third party refuses to execute a written affirmation, the confidential information shall not be disclosed to the third party.

8. Inadvertent production of any document or material without a designation of "CONFIDENTIAL" will not be deemed to waive a party's claim as to its confidential nature or estop the party from so designating the particular document or material as confidential at a later date. Disclosure of such document or material by any party prior to such designation, however, shall not be deemed in violation of the provisions of this Order. "CONFIDENTIAL" documents produced by any party or nonparty through discovery in this suit prior to the entry of this Order by the Court shall be subject to the provisions of this Order to the same extent as if this Order had already been entered by the Court, unless the Court directs otherwise.

9. The Agreed Protective Order shall not, in itself, be construed to waive any applicable privilege, work-product protection, or other protection or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege, work-product protection, or other protection.

10. With respect to any information or document, or portion thereof, which has been designated "CONFIDENTIAL," any party may at any time serve a written notice of objection to such designation. Counsel shall attempt to resolve the dispute informally. If no agreement can be reached, counsel may move the Court for an Order denying confidential treatment to the documents or information in question. If such a motion is filed, the documents and/or information shall be kept confidential pending a ruling on the motion. The party asserting confidentiality has the burden to prove that the documents and/or information deserve such treatment.

11. Any information or document that has been designated "CONFIDENTIAL" that is filed with the Court, or any pleadings, motions, or other papers that disclose any such information, shall be kept confidential by the Court and all parties.

12. After the termination of this action, the restrictions on communications and disclosures provided for herein shall continue to be binding upon the parties and upon all of the persons to whom documents, answers to interrogatories, deposition transcripts, or other items of discovery designated as "CONFIDENTIAL" or material contained herein have been communicated or disclosed pursuant to the provisions of this Agreed Protective Order or any other order of the Court. Further, at the conclusion of all litigation and litigation initiated by Claimant's counsel against Santander on behalf of clients previously identified, or three years after the completion of this litigation, whichever is later, all documents designated as "CONFIDENTIAL," including all copies which may have been disclosed to expert witnesses, shall be returned to the party producing it or destroyed.

13. This Agreed Protective Order is intended to provide a mechanism for the handling of confidential documents and information. It is not intended by the parties to act as a waiver of the right to object to any disclosure of information or production of any documents they deem confidential on any grounds they may deem appropriate, including, without limitation, confidentiality, relevance, or privilege. Further, the provisions of this Agreed Protective Order shall not affect the admissibility of evidence at the litigation hearing or any preliminary evidentiary proceeding, except as directed by separate order entered for good cause shown.

14. Nothing in this Agreed Protective Order shall preclude any of the parties from otherwise seeking a modification of this Agreed Protective Order.

Done this 28th day of April, 2016.

**AGREED TO BY:**

Dated: April 28, 2016              **TROUTMAN SANDERS LLP**

By:/s/ *Chad R. Fuller*
   Chad R. Fuller
   Justin M. Brandt
   *Attorneys for Defendant*
   SANTANDER CONSUMER USA INC.

Dated: April 28, 2016              **DAVIS & NORRIS, LLP**

By:/s/ *John E. Norris*
   D. Frank Davis (pro hac vice)
   John E. Norris (pro hac vice)
   Wesley W. Barnett (pro hac vice)
   *Attorneys for Plaintiff*

///
///

## **ORDER**

In addition to the above Stipulation between the parties, the Court further ORDERS that all documents or materials designated as "Confidential" pursuant to this Protective Order, and specifically paragraph 11 and all papers or documents containing information or materials designated as "Confidential" that are filed with the Court for any purpose shall be filed and served under seal pursuant to Local Rule 141. Within five (5) days of filing of any confidential document under seal, the party shall file a redacted copy of the sealed document. The redactions shall be narrowly tailored to protect only the information that is confidential or was deemed confidential.

IT IS SO ORDERED.

Dated: **May 6, 2016**      /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE