UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

APRIL LINDBLOM, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

SANTANDER CONSUMER USA, INC.,

Defendant.

Case No. 15-cv-0990-BAM

**ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

## I.    INTRODUCTION

This matter is before the Court on Plaintiff April Lindblom's ("Plaintiff"), Motion for Class Certification.  (Doc. 108). On November 28, 2017, Defendant Santander Consumer USA, Inc.  ("Defendant" or "Santander") filed an opposition to the motion to which Plaintiff replied on December 15, 2017. (Docs. 119, 121).[1]  A hearing on the motion was held on January 12, 2018, before the Honorable Barbara A. McAuliffe.  (Doc. 125).  Counsel John E. Norris appeared in person on behalf of Plaintiff.  Counsel Chad Fuller, David Reidy, and Anthony Le appeared in person on behalf of Defendant.  Having considered the moving, opposition and reply papers and the parties' arguments on the record, Plaintiff's Motion for Class Certification is DENIED.

---

[1]     The parties consented to the jurisdiction of the United States Magistrate Judge. (Docs. 74, 77). For that reason, the action was reassigned to the Honorable Barbara A. McAuliffe for all purposes. *See* 28 U.S.C.§ 636(c); Fed. R. Civ. P. 73; *see also* L. R. 301, 305.  (Doc. 78).     1

## II.    BACKGROUND

### A.    Factual Background

Defendant Santander is a "specialized consumer finance company focused in large part on vehicle financing." (Doc. 119-1, Ex. 5 Declaration of Wayne Nightengale ¶ 3). On March 11, 2007, Plaintiff signed a Retail Installment Contract ("Contract") to purchase a 2006 Jeep Liberty from Michael Automotive Center, in Madera, California. Plaintiff purchased this vehicle with a loan from Drive Financial Services, which through a merger, was renamed Santander Consumer USA. (Doc. 108 at 11).

Following her vehicle purchase, Plaintiff occasionally made her loan payments over the internet or by telephone. In order to do so, Santander directed her to use Western Union's Speedpay service. Santander often encouraged the use of Speedpay to allow customers to pay immediately and avoid late charges. To use Speedpay, Plaintiff and similarly situated class members were charged a fee of $10.95 per transaction, ostensibly by third-party payment processor, Western Union, for the payment processing service. However, prior to April 2017, Western Union and Santander contractually agreed that Western Union would return a portion of all Speedpay fees collected to Santander as profit. (Doc. 108 at 10). The amount of fees retained by Santander varied based on the volume of transactions and the method of payment customers used for Speedpay, but at times, Santander would retain over 99% of the $10.95 Speedpay fee. (Doc. 108 at 7). While Plaintiff was informed by Western Union of the fee when she used the Speedpay service, the Contract between Santander and Plaintiffs did not expressly mention or provide for a Speedpay fee. At the time Plaintiff paid the Speedpay fees, she was unaware that Santander retained part of the fee charged by Western Union.

While Plaintiff owned the vehicle, she was charged a Speedpay fee on more than forty occasions. (Doc. 108 at 11). On approximately two of those occasions, the Speedpay fee was waived. After Plaintiff made over sixty-five total monthly payments, Plaintiff was unable to stay current on her loan obligation and her car was repossessed in 2014. (Doc. 108 at 11).

### B.    Plaintiff's Legal Claim

Plaintiff challenges the legality of the Speedpay fees retained by Santander under § 1692f(1) of the Fair Debt Collections Practices Act and in turn, its California counterpart the

Rosenthal Fair Debt Collections Act ("Rosenthal Act"). 15 U.S.C. § 1692f(1); Cal. Civ. Code § 1788.17. Section 1692f(1) makes it unlawful for a debt collector to collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).[2]

Plaintiff contends that the Speedpay fees violate the Rosenthal Act because Santander retains a portion of the fee as compensation. Plaintiff filed this putative class action alleging that Santander has engaged in a uniform course of conduct with respect to hundreds of thousands of customers in California. From those customers, Plaintiff alleges that Santander has violated the Rosenthal Act by retaining millions of dollars in Speedpay fees which are neither allowed by state law nor authorized under the retail installment sales contracts between Santander and the members of the Class.

## C. Proposed Class Definitions

Plaintiff's operative complaint seeks to certify a single statewide California class based on individuals who paid Speedpay fees as follows:

> All individuals in the state of California, who, during the applicable limitations period, paid a convenience fee through Western Union's Speedpay service in connection with any consumer loan held and/or serviced by Santander. All employees of the Court and Plaintiff's counsel are excluded from this class.

(Doc. 81)

In the alternative, Plaintiff proposed a modified class definition in her reply brief:

> All Santander customers, who have, since October 30, 2013, paid a Speedpay fee to Santander, or who have, prior to the date of certification, asserted that the statute of limitations should be equitably tolled in this case.

(Doc. 121 at 8).

---

[2]     "The Rosenthal Act mimics or incorporates by reference the FDCPA's requirements ... and makes available the FDCPA's remedies for violations." *Caudillo v. Portfolio Recovery Associates, LLC*, 2013 U.S. Dist. LEXIS 114305, 2013 WL 4102155, at *4 (S.D. Cal. Aug. 13, 2013) (citing *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012)). Accordingly, whether an act "violates the Rosenthal Act turns on whether it violates the FDCPA." *Riggs*, 681 F.3d at 1100. Thus, Rosenthal Act violations and FDCPA violations are viewed identically.

### III.    LEGAL STANDARD

Class certification of Plaintiff's claim is governed by Federal Rule of Civil Procedure 23. Whether or not to certify a class is within the discretion of the Court. *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Service Workers Int'l Union, AFL–CIO CLC v. ConocoPhillips Co.*, 593 F.3d 802, 807 (9th Cir. 2010).

A class may be certified only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). These requirements are "commonly referred to as the numerosity, commonality, typicality, and adequacy requirements." *Norris–Wilson v. Delta–T Group, Inc.*, 270 F.R.D. 596, 601 (S.D. Cal. 2010). Plaintiff bears the burden of establishing that all four requirements of Rule 23(a) are met. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997) (plaintiff bears the burden of affirmatively satisfying each element of the Rule 23 analysis).

In addition to the requirements imposed by Rule 23(a), Plaintiff bears the burden of demonstrating that the class is maintainable pursuant to Rule 23(b). *Narouz v. Charter Commc'ns, LLC*, 591 F.3d 1261, 1266 (9th Cir. 2010). In this case, Plaintiff seeks certification of the class under Rule 23(b)(2) and (b)(3). Under Rule 23(b)(2), certification is appropriate if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief . . . is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). To certify a class under Rule 23(b)(3), Plaintiff must demonstrate: (1) "questions of law or fact common to class members predominate over any questions affecting only individual members," and (2) a class action is "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

Rule 23 is not a mere pleading standard. "A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, *etc.*" *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 350 (2011) ("*Dukes*") (emphasis in original). When considering a motion for class certification, a court must conduct a "rigorous analysis" to

determine "the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." *Id.* at 350-51 (citation omitted*); Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 980 (9th Cir. 2011).

## IV.    DISCUSSION

Plaintiff moves for class certification, and for the reasons below, the Court considers it inappropriate to grant class certification.   In denying the motion, the Court will limit its discussion to the motion's most obvious deficiencies in satisfying Rule 23(a)'s typicality and adequacy requirements.   Because "the typicality and adequacy inquiries tend to significantly overlap[,]" *Woods v. Vector Mktg. Corp.*, No. C-14-0264 EMC, 2015 U.S. Dist. LEXIS 118678, 2015 WL 5188682, at *11 (N.D. Cal. Sept. 4, 2015) (citation omitted), the Court addresses them together.

### A.    Typicality and Adequacy of Class Representative

Rule 23(a)(3) requires that "the [legal] claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Representative claims are "typical" if they are "reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1020 (9th Cir. 1998). Thus, the "test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). Moreover, courts may evaluate whether a named plaintiff is typical by determining whether she is "subject to unique defenses which threaten to become the focus of the litigation." *Id.* (citation omitted). "Class certification should not be granted if there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to [her]." *Id.* (internal modification and citation omitted).

Rule 23(a)(4) imposes a closely related requirement to typicality—namely that the putative class representative must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). A named plaintiff satisfies the adequacy test if the individual has no conflicts of interest with other class members and if the named plaintiff will prosecute the action vigorously on behalf of the class. *See Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th

Cir. 2011).  As other courts and commentators have noted, the typicality and adequacy inquiries tend to significantly overlap.  *See, e.g.*, *Woods*, 2015 WL 5188682, at *11; Newberg on Class Actions § 3:32 (5th ed. 2015) ("Due to the related nature of the two requirements and the frequency with which they are challenged on the same grounds, many courts address the typicality and adequacy requirements in a single inquiry.").

Defendant presents two arguments challenging Plaintiff's typicality and adequacy as a class representative here: (1) that Plaintiff is not a member of the defined class and therefore she cannot represent the class in this action; and (2) even if Plaintiff meets the requirement of class membership, she is still an improper representative because she is subject to a unique defense that deprives her of typicality.  The Court addresses each argument in turn.

### i.  Plaintiff is Not an Adequate Class Representative

The class, as currently defined, includes "all individuals who, during *the applicable limitations period*, paid a convenience fee through Western Union's Speedpay service."  (Doc. 81 at 5) (emphasis added).  Claims based on the Rosenthal Act are subject to a one-year statute of limitations.  Cal. Civ. Code § 1788.30(f).  Defendant argues that the statute of limitations bars Plaintiff's claim.  According to Defendant, Plaintiff is not a member of the defined class because while the *applicable limitations period* begins on October 30, 2013, Plaintiff last used Speedpay on August 22, 2012, more than a year prior.   Her claim falls outside of the defined class period and therefore she cannot represent a class of individuals who paid Speedpay fees on or after October 30, 2013—the applicable class period.

Plaintiff contends that she is a member of the class because the applicable limitations period has been equitably tolled by the delayed discovery rule, which provides that the statutory period for a claim commences when a plaintiff discovers or reasonably could have discovered the facts giving rise to her claim.[3]  Plaintiff explains that Defendant concealed the allegedly

---

[3]   The Ninth Circuit has held that equitable tolling, otherwise known as the "discovery rule," is applicable to the FDCPA. *Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 939-40 (9th Cir. 2009). "Equitable tolling is extended only sparingly by the courts, and it is generally awarded in two situations: (1) where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or (2) where the complaint has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Wilson v. Gordon & Wong Law Group, P.C.*, No. 13-CV-00609, 2013 U.S. Dist. LEXIS 180366, 2013 WL 6858975 (slip copy) (E.D. Cal. Dec. 24, 2013) (internal quotation marks omitted), *quoting Irwin v. Dept of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990).

unlawful profit-sharing arrangement with Western Union. Because this arrangement was not expressed in her Contract, "it [was] impossible for her to" "discover the facts giving rise to her claim" prior to discovery in this lawsuit. (Doc. 121 at 6). Plaintiff maintains that, by its very nature, the violation was undiscoverable, and she could not have had a reasonable opportunity to file suit until it was too late to file a claim. She argues that the statute of limitations was equitably estopped and her claims therefore fall within the class definition.

A bedrock requirement running through the Rule 23(a) framework is that class certification is not appropriate unless one or more class representatives actually belong to the proposed class. As the Supreme Court explained in the context of a Rule 23(a)(4) adequacy of representation discussion, "[a] class representative must be part of the class" in order for that element to be satisfied. *Amchem Products,* 521 U.S. at 625. This principle is consistent with long-standing case law providing that Rule 23(a)(4) demands that a class representative "possess the same interest and suffer the same injury as the class members." *East Texas Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 403, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977). By extension, there can be no legally sufficient nexus between individual and shared claims if the purported class representative is not even a member of the class that he purports to represent, thereby undermining adequacy of representation (Rule 23(a)(4)) and typicality (Rule 23(a)(3)). The representative plaintiff's interests are not aligned with those of the class.

Accordingly, this Court and other courts in this Circuit routinely preclude potentially time-barred plaintiffs from serving as class representatives when they seek to represent members with timely claims. *See e.g., Munoz v. PHH Corp.*, No. 1:08-cv-0759-AWI-BAM, 2013 U.S. Dist. LEXIS 69306, 2013 WL 2146925, at **20-22 (E.D. Cal. May 14, 2013) (finding that a representative Plaintiff with timely claims could not represent a class of time-barred class members); *Lopez v. G.A.T. Airline Ground Support, Inc.*, 2010 U.S. Dist. LEXIS 95636, 2010 WL 3633177 (S.D. Cal., 2010) (granting motion for class certification, but limiting the class to those class members whose claims were not time-barred); *Quezada v. Loan Center of California, Inc.*, No. CIV. 2:08–00177 WBS KJM, 2009 WL 5113506, at *7 (E.D. Cal. Dec. 18, 2009) (denying certification, in part, where named Plaintiff's claim was subject to a statute of limitations defense); *Plascencia v. Lending 1st Mortgage*, 259 F.R.D. 437, 444 (N.D. Cal. 2009);

*Blackwell v. SkyWest Airlines, Inc*., 245 F.R.D. 453, 462–63 (S.D. Cal. 2007); *Arabian v. Sony Elecs., Inc*., No. 05–CV–1741 WGH (NLS), 2007 U.S. Dist. LEXIS 12715, 2007 WL 627977, at \*5–6 (S.D. Cal. Feb. 22, 2007)(denying certification where class representative may be subject to a statute of limitations defense); *Burton v. Mountain W. Farm Bureau Mut. Ins. Co*., 214 F.R.D. 598, 609 (D. Mont. 2003) (holding that time-barred Plaintiff could not serve as class representative); *Domingo v. New England Fish Co*., 727 F.2d 1429 (9th Cir.1982) ("Domingo may represent all class members whose claims were not already time-barred").

As proposed by Plaintiff, the class definition includes individuals who paid Speedpay fees during the applicable limitations period, which is on or after October 30, 2013. Plaintiff, however, is not a member of that class. Her last Speedpay fee was beyond the one-year statute of limitations; Plaintiff last used Speedpay on August 22, 2012. Absent equitable tolling, Plaintiff is not within the class definition. While the Ninth Circuit has held that equitable tolling, otherwise known as the "discovery rule," is applicable to the FDCPA, equitable tolling is extended only sparingly by the courts. *Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 939-40 (9th Cir. 2009). At the class certification stage, Plaintiff bears the burden of proving that she has met Rule 23's requirements for class certification. *Zinser v. Accufix Research Institute, Inc.,* 253 F.3d 1180, 1186 (9th Cir. 2001). The Court need not determine the merits of Plaintiff's equitable tolling claim to find that Plaintiff has failed to meet her burden to prove Rule 23(a)'s fundamental requirement that a class representative be a member of the class she seeks to represent. The class is defined as claims within the statute of limitations. Plaintiff's claim does not arise within the statute of limitations. Hence, the Court finds that she cannot be an adequate representative. [4]

### ii. Plaintiff's Claim is Not Typical of the Class

Turning to the related question of typicality, Defendant contends that even if Plaintiff meets the requirement of class membership, she is still an improper representative because her reliance on equitable tolling is a unique defense that is likely to become a major focus in the litigation. Defendant argues that because Plaintiff is particularly vulnerable to this unique defense, this deprives Plaintiff of typicality.

---

[4] Because Plaintiff has not satisfied the adequacy requirement, there is no need to address the adequacy of class counsel.

"The certification of a class is questionable where it is predictable that a major focus of the litigation will be on an arguable defense unique to the named plaintiff or to a subclass." *Hanon*, 976 F.2d at 508, *quoting Rolex Employees Retirement Trust v. Mentor Graphics Corp*., 136 F.R.D. 658, 664 (D. Or.1991).

Here, Plaintiff seeks to represent a class that includes hundreds of thousands of individuals who paid Speedpay fees on or after October 30, 2013.[5] The putative class members are not barred by the statute of limitations. However, Plaintiff's claim, accruing on August 22, 2012, is barred by the statute of limitations and dependent on an exception to the limitations period. While Plaintiff is subject to a statute of limitations defense unique to her, no other class members face the same defense. The entire class—with the exception of Plaintiff—would therefore be able to proceed to the merits of their claims without the need to litigate any statute of limitations defense. The unique defense against her renders Plaintiff's claim atypical from that of the class.

Further support for this conclusion is found in the Ninth Circuit's two leading cases analyzing the typicality of a class representative's claims and defenses. *See Hanon v. Dataproducts Corp*., 976 F.2d 497 (9th Cir.1992) and *Hanlon v. Chrysler Corp*., 150 F.3d 1011 (9th Cir.1998). In *Hanon v. Dataproducts*, the Ninth Circuit affirmed a denial of class certification on the basis that the proposed class representative failed to meet the typicality requirement. In so holding, the Court stated: "a named plaintiff's motion for class certification should not be granted if there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it." *Id.* at 508 (quotation omitted). Specifically, the Court found that the proposed class representative's reliance on a unique defense "would be subject to serious dispute, not typical of defenses which could be raised against other members of the proposed class" *Id.* (citation omitted). "Because of [the proposed representative]'s unique situation," the Court concluded, "it is predictable that a major focus of the litigation will be on a defense unique to him. Thus, [the proposed representative] fails to satisfy the typicality requirement of Rule 23(a)." *Id.* at 509.

---

[5] In alleging numerosity, Plaintiff contends that Santander produced a spreadsheet demonstrating that over 258,000 customers paid the Speedpay fees at issue between December 5, 2013 and October 6, 2016. (Doc. 108 at 15).

In contrast to *Hanon v. Dataproducts*, the Ninth Circuit in *Hanlon v. Chrysler Corp.*, affirmed a finding of typicality because of the "broad composition of the representative parties" and the "narrow focus" of the relief sought. *Hanlon v. Chrysler Corp.*, 150 F.3d at 1020. The Court stated:

> In this instance, the broad composition of the representative parties vitiates any challenge founded on atypicality. The representative parties comprise persons from every state, representing all models of Chrysler minivans and include minivan owners whose latches remain operable. The narrow focus of the proposed class was to obtain a defect-free rear liftgate latch in Chrysler minivans owned by class members, or receive adequate non-personal injury compensatory damages. Given these limited objectives and the broad composition of the representative parties, the representative claims were sufficiently typical to pass muster under Rule 23(a)(3).

Plaintiff's case is not like the case in *Hanlon v. Chrysler Corp.*, where the named class representatives included a broad cross-section of claimants, representing the interests of all the potential subclasses. 150 F.3d at 1021. Instead, the situation here is closer to that in *Hanon v. Dataproducts,* where the potential defense Plaintiff is likely to face is exclusive to her and not the class. Plaintiff has a unique defense against her which makes her claims atypical of the class.

### iii.    Plaintiff's "Class + 1" Definition Must Fail

Perhaps recognizing this difficulty, in her reply brief Plaintiff proposes expanding the class definition to include:

> All Santander customers, who have, since October 30, 2013, paid a Speedpay fee to Santander, *or who have, prior to the date of certification, asserted that the statute of limitations should be equitably tolled in this case*.

 (Doc. 121 at 8) (emphasis added).

This modification would both render Plaintiff a member of the class and make the statute of limitations exception available to certain other class members—specifically, those who previously asserted an equitable tolling defense—thus, potentially remedying the typicality and adequacy problems.[6]  However, Plaintiff further explains in her brief that with this new class definition she is "not asserting to bring claims on behalf of class members who are members of the class solely because of the effect of equitable tolling based on those class members' lack of

---

[6] The Court does not address whether this new class definition may pose other problems under Rule 23.

knowledge of Santander's illegal conduct, i.e., class members whose last Speedpay payment was made before October 30, 2013, even though the statute would undoubtedly be tolled for many of these individuals." (Doc. 121 at 7). In other words, Plaintiff is not seeking to represent <u>additional individuals</u> (outside of the applicable limitations period) who may also seek to use equitable tolling. Rather, Plaintiff seeks to certify a class of timely claims plus one individual—Plaintiff.

The Court need not address this new class definition further. By definition, Plaintiff's claim is not typical.

Ultimately here, either Plaintiff is defined out of the class by operation of the definition which incorporates a one-year statute of limitations rendering her an inadequate representative, or Plaintiff is by definition atypical of the class because she is vulnerable to a defense that is unique to only her. *See e.g., Munoz v. PHH Corp*., No. 1:08-cv-0759-AWI-BAM, 2013 U.S. Dist. LEXIS 69306, 2013 WL 2146925, at **20-22 (E.D. Cal. May 14, 2013) (finding that a representative Plaintiff with timely claims could not represent a class of time-barred class members); *Tait v. BSH Home Appliances Corp*., 289 F.R.D. 466, 2012 U.S. Dist. LEXIS 183649, 2012 WL 6699247 (C.D. Cal. 2012) (finding a named plaintiff whose claims were outside the statute of limitations typical of those class members who claims were similarly outside the statute of limitations, but atypical of those class members whose claims were inside the statute of limitations). Accordingly, the Court finds that Plaintiff has failed to carry her burden that she satisfies the adequacy and typicality requirements for class certification. *See Zinser*, 253 F.3d at 1186 ("As the party seeking class certification, [plaintiff] bears the burden of demonstrating that she has met each of the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b)."). Therefore, the Court will deny Plaintiff's Motion for Class Certification.

### B. Plaintiff's Request to Substitute New Class Representatives

At the hearing on Plaintiff's Motion for Class Certification, counsel for Plaintiff indicated that he could identify different potential class representatives who might be better suited to represent the interests of the class, given the Court's concerns regarding adequacy and typicality. Following the hearing, Plaintiff filed a motion to intervene to include several alternative class

representatives.  (Doc. 127).  The only motion currently before the Court is whether it should certify a class action based on Plaintiff's current class definition.  (Doc. 108).  The Court does not address the motion to intervene.

## IV.     CONCLUSION

For the reasons discussed above, the Court DENIES Plaintiff's motion for class certification.

IT IS SO ORDERED.

Dated:   __**January 26, 2018**__          ___/s/ *Barbara A. McAuliffe*___

UNITED STATES MAGISTRATE JUDGE