1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   APRIL LINDBLOM, et al.,                Case No.  1:15-cv-00990-BAM

12                  Plaintiffs,             ORDER DENYING MOTION FOR LEAVE TO
                                            INTERVENE AS OF RIGHT
13         v.
                                            (Doc. No. 164)
14   SANTANDER CONSUMER USA, INC,
                                            ORDER DENYING MOTION FOR LEAVE TO
15                  Defendant.              SUBSTITUTE CLASS REPRESENTATIVE

16                                          (Doc. No. 156)

17                                          ORDER DENYING MOTION FOR
                                            CERTIFICATION OF INTERLOCUTORY
18                                          APPEAL

19   ─────────────────────────────         (Doc No. 177)

20   I.    INTRODUCTION

21         Currently before the Court are a Motion for Leave to Intervene as of Right filed by Jason

22   Crowley, Juanita Garcia, and Janice Teemer (the "Intervenors"), a Motion for Leave to Substitute

23   Class Representative filed by Plaintiff April Lindblom ("Plaintiff"), and a Motion for

24   Certification of Interlocutory Appeal filed by Plaintiff.  (Doc. Nos. 156, 164, 177.) [1]  Defendant

25   Santander Consumer USA, Inc. ("Defendant") opposed all three motions.  (Doc. Nos. 160, 175,

26   ───────────────────────────

27   [1]        The parties consented to the jurisdiction of the United States Magistrate Judge. (Doc. Nos. 74, 77.) For that
     reason, the action was reassigned to the Honorable Barbara A. McAuliffe for all purposes. *See* 28 U.S.C.§ 636(c); Fed.
28   R. Civ. P. 73; *see also* L. R. 301, 305.  (Doc. No. 78.)

                                      1

180.)  The Intervenors submitted a reply in support of the Motion for Leave to Intervene as of Right and Plaintiff submitted a reply in support of the Motion for Leave to Substitute Class Representative.[2]  (Doc. Nos. 162, 177.)

A hearing on the Motion for Leave to Intervene as of Right was held on September 6, 2019 before the Honorable Barbara A. McAuliffe.  (Doc. No. 178.)  Counsel John Norris and Wesley Barnett appeared by telephone on behalf of Intervenors.  (*Id.*)  Counsel David Reidy appeared in person on behalf of Defendant.  (*Id.*)  The Court deemed the Motion for Leave to Substitute Class Representative suitable for decision without oral argument pursuant to Local Rule 230(g).  (Doc. No. 172.)  The Court further finds the Motion for Certification of Interlocutory Appeal suitable for resolution without oral argument and the matter is deemed submitted pursuant to Local Rule 230(g).

Having considered the motions, the oppositions, the replies, the arguments of counsel, as well as the entire record in this case, the Court DENIES the Motion for Leave to Intervene as of Right, the Motion for Leave to Substitute Class Representative, and the Motion for Certification of Interlocutory Appeal.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

This action arises out of Plaintiffs April and Timothy Lindblom's loan for the purchase of a vehicle.  (Doc. No. 81.)  The operative complaint alleges that they made payments to Defendant, who serviced the loan, using Western Union's Speedpay service.  (*Id.*)  The Speedpay service required a flat fee per transaction (the "Speedpay Fee") that was purportedly remitted to Defendant in violation of California's Rosenthal Fair Debt Collections Act.  (*Id.*)

The initial putative class action complaint in this case was filed on October 30, 2014, in the United States District Court for the Northern District of Alabama.  (Doc. No. 1.)  That complaint, styled *Woods v. Santander Consumer USA Inc.*, No. 2:14-cv-02104-MHH (N.D. Ala.), accused Defendant and Western Union Business Solutions (USA), LLC ("Western Union") of illegally charging Speedpay Fees in violation of the Fair Debt Collections Practices Act.  (*Id.*)  On December

---

[2]     At Plaintiff's request, the parties were permitted to file supplemental briefing in support of the Motion for Leave to Substitute Class Representative.  (*See* Doc. No. 172.)  However, the parties elected not to file any supplemental briefing.  (*See* Doc. No. 174.)

5, 2014, the initial plaintiffs amended the complaint to add April Lindblom as a named plaintiff. (*Id.*). On June 22, 2015, the Alabama District Court severed Plaintiff's suit and transferred the matter to this Court. (*Id.*)

Following transfer, this Court granted Western Union's motion to dismiss with prejudice and denied Defendant's motion for judgment on the pleadings. (Doc. Nos. 42-43, 71.) The Court subsequently entered a scheduling order and the suit proceeded to class discovery on June 22, 2016. (Doc. No. 76.) On August 30, 2016, the complaint was amended to name Timothy Lindblom as a plaintiff. (Doc. No. 81.) After being continued twice, the deadline for fact discovery closed on February 27, 2017. (Doc. Nos. 84, 87.)

On October 13, 2017, Plaintiff[3] moved to certify a class composed of "[a]ll individuals in the state of California, who, during the applicable limitations period, paid a convenience fee through Western Union's Speedpay service in connection with any consumer loan held and/or serviced by Santander." (Doc. Nos. 87, 93, 105, 108.) Defendant opposed certification in part by challenging Plaintiff's adequacy as a class representative, arguing that she could not be a member of the defined class because her claim fell outside of the applicable one-year statute of limitations period. (Doc. No. 119.) Defendant additionally moved for summary judgment on October 20, 2017. (Doc. No. 111.)

At the hearing on the motions for class certification and summary judgment held on January 12, 2018, the Court expressed concern that Plaintiff was not a member of the class because she had not paid the Speedpay Fee within the applicable limitations period. (Doc. No. 130.) Plaintiff's counsel acknowledged that he was "struggling to try to figure out a way" for Plaintiff to represent class given the applicable limitations period. (*Id.* at p. 25). Plaintiff's counsel further indicated that he intended to file motions to allow other individuals to intervene and be substituted as class representative. (*Id.* at p. 15.) Following the hearing and while the motion for class certification was under submission, six individuals filed a motion for permissive

---

[3] The motion for class certification was brought only by Plaintiff April Lindblom. Plaintiff Timothy Lindblom did not move for class certification or seek appointment as class representative. (*See* Doc. No. 108 at p. 6 ("Plaintiff April Lindblom submits this brief in support of her motion for class certification."))

intervention in this matter as class representatives.  (Doc. No. 124.)

On January 22, 2018, the Court denied Defendant's motion for summary judgment.  (Doc. No. 131.)  On January 26, 2018, the Court also denied Plaintiff's motion for class certification, finding that Plaintiff was not an adequate class representative and her claims were atypical of the class.  (Doc. No. 132.)  On February 2, 2018, four additional individuals filed a second motion to intervene.  (Doc. No. 136.)  On June 6, 2018, while the two motions to intervene were pending, the proposed intervenors filed a separate action against Defendant known as *Blakely et al. v. Santander Consumer USA, Inc.,* Case No. 2:18-cv-01647-WBS-EFB.  On June 29, 2018, the Court entered an order denying both of the prior proposed intervenors' motions for untimeliness.  (Doc. No. 147, denying motions at Doc. 124, 127, 136.)  Those proposed intervenors filed a notice of appeal on July 19, 2018.

The case was stayed pending resolution of the appeal.  (Doc. Nos. 152, 163.)  Nonetheless, on July 24, 2018, Plaintiff filed the underlying Motion for Leave to Substitute Class Representative.  (Doc. No. 156.)  On September 17, 2018, while the matter was stayed, the Intervenors filed the underlying Motion to Intervene as of Right pursuant to Federal Rule of Civil Procedure 24(a).  (Doc. No. 164.)  On June 5, 2019, the Ninth Circuit issued an opinion and memorandum affirming the Court's order denying the prior motions to intervene permissively.  (Doc. Nos. 166, 167.)   Following mandate from the Ninth Circuit, Defendant filed an opposition to the still pending Motion to Intervene as of Right (Doc. No. 164) on August 19, 2019, and the Intervenors filed their reply on August 27, 2019.  (Doc. Nos. 175, 176.)  On September 9, 2019, Plaintiff filed a Motion for Certification of Interlocutory Appeal requesting that the Court certify any order denying the Motion for Leave to Substitute Class Representative for interlocutory appeal.  (Doc. No. 177.)  Defendant opposed the Motion for Certification of Interlocutory Appeal on September 12, 2019.  (Doc. No. 180.)

The Court now turns to deciding the Motion for Leave to Substitute Class Representative, Motion to Intervene as of Right, and the Motion for Certification of Interlocutory Appeal.  (Doc. No. 156, 164, 177.)

///

# III. DISCUSSION

## A. Motion to Intervene as of Right

### 1. Legal Standard

Federal Rule of Civil Procedure 24(a) governs a request to intervene as of right. Where an intervenor is not given an unconditional right to intervene by a federal statute, a putative intervenor must satisfy four elements to qualify for as-of-right intervention:

> (1) the applicant's motion must be timely; (2) the applicant must assert an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that without intervention the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; and (4) the applicant's interest must be inadequately represented by other parties.

*United States v. Oregon*, 839 F.2d 635, 637 (9th Cir. 1988). Each of these four requirements must be met to intervene as of right. *Arakaki v. Cayetano,* 324 F.3d 1078, 1083 (9th Cir. 2003.) The party seeking to intervene bears the burden of showing those four elements are met, although "the requirements of intervention are broadly interpreted in favor of intervention." *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006) (citation omitted).

### 2. Timeliness

"An application to intervene, whether as of right or permissive, must be timely." *Cohorst v. BRE Properties, Inc.,* 2011 WL 3475274, at *4 (S.D. Cal. Aug. 5, 2011.) The determination of timeliness is left to the sound discretion of the court. *Yniguez v. Arizona,* 939 F.2d 727, 731 (9th Cir. 1991). Timeliness is the "threshold requirement" for intervention as of right and if the motion is untimely the Court need not reach any of the remaining elements of Rule 24(a). *League of United Latin American Citizens v. Wilson,* 131 F.3d 1297, 1302 (9th Cir. 1997) (quoting *United States v. Oregon,* 913 F.2d 576, 588 (9th Cir. 1990)). In determining whether a motion for intervention is timely, the court considers three factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Id.* (quoting *Orange County v. Air California*, 799 F.2d 535, 537 (9th Cir. 1986)). "[A]ny substantial lapse of time weighs heavily against intervention." *League of United Latin American Citizens,* 131 F.3d at 1302.

### i. Stage of the Proceeding

The first factor in determining timeliness is the stage of the proceeding in which intervention is sought. "Although delay can strongly weigh against intervention, the mere lapse of time, without more, is not necessarily a bar to intervention." *U.S. v. Alisal Water Corp.*, 370 F.3d 915, 922 (9th Cir. 2004). Thus, to be timely, an applicant need not seek to intervene immediately. "[C]ourts consider whether there have been actual proceedings of substance on the merits in the underlying action." *CEP Emery Tech Investors LLC v. JPMorgan Chase Bank, N.A.*, 2010 WL 1460263, at *3 (N.D. Cal. 2010). [4]

Between the initial lawsuit filed on October 30, 2014 (subsequently transferred to this Court on June 29, 2015) and the Intervenors' motion, numerous important litigation milestones have passed. Several motions to dismiss, a motion for judgment on the pleadings, a motion for summary judgment, a motion for class certification, and numerous motions to intervene have been filed and extensively briefed by the parties. (*See* Doc. Nos. 19, 31, 53, 76, 105, 108, 111, 124, 136). The parties attended private mediation while the case was stayed, and the Court issued an amended scheduling order when mediation was ultimately unsuccessful. (Doc. Nos. 92, 94, 105). The parties conducted class discovery for a full year and, after the discovery deadlines were twice extended, class discovery closed on February 27, 2017. (Doc. No. 87). All other class related deadlines have long since expired. Class certification has been denied, and, importantly, this case now proceeds as an individual action. *See United Airlines, Inc. v. McDonald,* 432 U.S. 385, 393 (1977); *Bohn v. Pharmavite, LLC,* 2013 WL 12246336, at *4 (C.D. Cal. Oct. 8, 2013). Given the length of time and advanced stage of the proceedings, and absent argument to the contrary, the Court finds that this factor weighs against intervention.

### ii. Prejudice to Other Parties

"In evaluating the second factor [prejudice to other parties], courts have emphasized the seriousness of the prejudice which results when relief from long-standing inequities is delayed." *Orange County,* 799 F.2d at 538 (citation omitted); *Cal. Dep't of Toxic Substances Control v.*

---

[4] The parties' briefing does not appear to address the stage of the proceeding factor of the timeliness determination and instead primarily focuses on the prejudice and reason for and length of the delay factors. (*See* Doc. Nos. 164, 175, 176.)

*Commercial Realty Projects, Inc.,* 309 F.3d 1113, 1119 (9th Cir. 2002) (holding that granting a motion to intervene in a long-litigated environmental action would, among other things, "unnecessarily prolong the litigation, threaten the parties' settlement, and further delay cleanup and development of the [Landfill]") (alteration in original).

Defendant contends that it is prejudiced by intervention for the same reasons identified in the Court's order denying the prior motions to intervene permissively. (Doc. No. 175 at p. 2.) The Intervenors, in turn, contend that prejudice is irrelevant to the analysis of intervention as of right, and Defendant nonetheless is not prejudiced because it "will face class claims by many of the members in this class sooner or later[.]" (Doc. No. 176 at p. 7.)

However, the Intervenors' argument is misplaced. As an initial matter, a motion to intervene must be timely, regardless of whether intervention is sought permissively or as of right. *See* Fed. R. Civ. P. 24(a); *Cohorst v. BRE Properties, Inc.,* 2011 WL 3475274, at *4 (S.D. Cal. Aug. 5, 2011.) Prejudice to other parties is a factor that the Court considers in determining timeliness. *League of United Latin American Citizens,* 131 F.3d at 1302. Moreover, the relevant inquiry in determining prejudice is the "harm arising from late intervention as opposed to early intervention" and not whether Defendant may someday be forced to litigate the Intervenors' or other individuals' claims in some other forum. *See Lee v. Pep Boys-Manny Moe & Jack of California,* 2016 WL 324015, at *6 (N.D. Cal. Jan. 27, 2016) (citing *Cal. Dep't of Toxic Substances Control,* 309 F.3d at 1119)).

The parties have participated in substantial discovery and law and motion practice, including motions to dismiss, a motion for judgment on the pleadings, a motion for summary judgment, and a motion for class certification. For the same reasons discussed in the Court's order denying the prior motions to permissively intervene (Doc. 156, 164), allowing intervention would derail this case and would require significant and costly discovery to essentially relitigate the case after four years of contentious litigation. (*See* Doc. No. 147, Order Denying Intervenors Motions for Leave to Intervene.) Significantly, this case "was stripped of its character as a class action upon denial of certification" and is now solely an individual action. *United Airlines, Inc.,* 432 U.S. at 393 (citation and internal quotation omitted); Fed. R. Civ. P. 23 advisory committee's

note to 1966 amendment ("A negative [class certification] determination means that the action should be stripped of its character as a class action."); *Bohn,* 2013 WL 12246336, at *4 ("Because we denied Plaintiff's motion for class certification, this is now an individual action. The rights of former putative class members are therefore not implicated inasmuch as this is not a class action."). At this stage in the proceedings where discovery is over and class certification has been denied, requiring the parties to reopen the class allegations and essentially begin the case anew would be highly prejudicial. The Court therefore finds that the prejudice factor of the timeliness determination weighs against intervention.

### iii. Reason for and Length of the Delay

To prevail on a motion to intervene as of right, a proposed intervenor "must convincingly explain its delay in filing its motion to intervene." *Orange County,* 799 F.2d at 538. A party seeking to intervene "must act as soon as he knows or has reason to know that his interests might be adversely affected by the outcome of the litigation." *Cal. Dep't. of Toxic Substances Control,* 309 F.3d at 1120. "Delay is measured from the date the proposed intervenor should have been aware that its interests would no longer be protected adequately by the parties[.]" *United States v. Washington,* 86 F.3d 1499, 1503 (9th Cir. 1996).

The Intervenors argue that they could not have intervened as of right prior to either June 11, 2018, when the Supreme Court decided *China Agritech v. Resh,* 138 S.Ct. 1800 (2018), or June 29, 2018, when the Court denied the prior proposed intervenors' motions for permissive intervention. (Doc. Nos. 164 at p. 6, 174 at p. 6.) According to the Intervenors, "[i]t would have been literally impossible to intervene as of right in an earlier stage of the litigation." (Doc. No. 174 at p. 6.) However, the Intervenors do not adequately explain why they were prevented from seeking to intervene, whether permissively or as of right, prior to that time. Instead, their argument essentially appears to be that this was when they "realized that the end result of the protracted litigation would not be entirely to [their] liking." *Orange County,* 799 F.2d at 538. Where proposed intervenors have made similar arguments, the Ninth Circuit has responded that "surely, they should have known the risks of waiting." *Id.* (citing *Alaniz v. Tillie Lewis Foods,* 572 F.2d 657, 658 (9th Cir. 1978).

Here, counsel for Plaintiffs April and Timothy Lindblom and the Intervenors was aware that Defendant was asserting the statute of limitations as its first affirmative defense in the answer filed on October 20, 2015. (Doc. No. 33 at ¶ 15). Plaintiff's first amended complaint, filed on September 29, 2015, set out an equitable tolling defense in anticipation of this defense. (Doc. No. 27 at ¶ 15.) The parties accordingly knew as early as September 2015 that the question of whether the statute of limitations would bar Plaintiff's claims, thereby making her an arguably inadequate representative, was a major issue in this case. This was undoubtedly the subject of discovery, which closed on February 27, 2017. (Doc. No. 87.) The Intervenors and Plaintiffs April and Timothy Lindblom share the same counsel, and counsel was aware of the statute of limitations defense. *See McDaniel v. GEICO Gen. Ins. Co.*, 55 F. Supp. 3d 1244, 1260 (E.D. Cal. 2014) ("An attorney's knowledge, whether actually told to a client or not, is imputed to the client."). Rather than seeking to intervene as soon as they learned that Plaintiff may be an inadequate representative, the Intervenors waited until after discovery closed, class certification was denied, and the Court denied the prior intervenors' motions for permissive intervention before seeking to intervene in this case. The Intervenors now cite to the decision in *China Agritech* and their own delay as the reason why they were unable to file an earlier motion to intervene.

The Court finds that *China Agritech* has no bearing on the timeliness of the Intervenors' motion. The Supreme Court's decision in *China Agritech* concerned the scope of tolling under *American Pipe & Constr. Co. v. Utah,* 414 U.S. 538 (1974) ("*American Pipe*"), which held that "the timely filing of a class action tolls the applicable statute of limitations for all persons encompassed by the class complaint. Where the class-action status has been denied . . . members of the failed class could timely intervene as individual plaintiffs in the still-pending action, shorn of its class character." *China Agritech,* 138 S.Ct. at 1804 (citing *American Pipe,* 414 U.S. at 544, 552-553.) After *American Pipe*, the Supreme Court clarified in *Crown, Cork & Seal Co. v. Parker,* 462 U.S. 345 (1983) that the *American Pipe* tolling rule "is not dependent on intervening in or joining an existing suit; it applies as well to putative class members who, after denial of class certification, 'prefer to bring an individual suit rather than intervene . . . once the economies

of class action [are] no longer available.'" *Id.* (citing *Crown, Cork & Seal Co.,* 462 U.S. at 350, 353-354.)

The question before the Supreme Court in *China Agritech* was whether, "[u]pon denial of class certification, . . .a putative class member, in lieu of promptly joining an existing suit or promptly filing an individual action, [may] commence a class action anew beyond the time allowed by the applicable statute of limitations[.]" *Id.* The Supreme Court's answer to that question in *China Agritech* was no, and this question was not before the Supreme Court in either *American Pipe* or *Crown, Cork & Seal Co*. *Id.* Those cases expressly limited their holdings to successive filings of individual claims and did not consider tolling in the context of successive filings of class claims. *See id.* Although the Intervenors argue that they relied on *Resh v. China Agritech,* 857 F.3d 994 (9th Cir. 2017) in failing to move to intervene, which came to the contrary conclusion and was ultimately overruled by *China Agritech,* the *Resh* decision was not issued until 2017, long after the Intervenors knew or should have known of Plaintiff's inadequacies as class representative.

Although not controlling on the issue of timeliness, the reasoning of *China Agritech* further supports a finding that intervention is improper here. In reversing the Ninth Circuit, the Supreme Court in *China Agritech* noted that *American Pipe* and *Crown, Cork & Seal Co.* addressed only putative class members who wish to sue individually after a class-certification denial. *China Agritech,* 138 S.Ct. at 1806. Neither decision "so much as hints that tolling extends to otherwise time-barred class claims." *Id. American Pipe* did not "permit a plaintiff who waits out the statute of limitations to piggyback on an earlier, timely filed class action." *Id.* The "efficiency and economy of litigation" that supported tolling of individual claims in *American Pipe* did not support allowing plaintiffs to maintain "untimely successive class actions[.]" *Id.* Instead, the Supreme Court reasoned that any additional class filings "should be made early on, soon after the commencement of the first action seeking class certification." *Id.*

In *American Pipe,* the limitation period for individual claims was tolled because economy favors delaying those claims until after class-certification. *China Agritech,* 138 S.Ct. at 1806. If certification is granted, there is no reason to assert claims individually, and it is only if class

1    certification is denied that it would be necessary to pursue individual claims.  *Id.*  at 1807.  In

2    contrast, efficiency favors early assertion of competing class representative claims.  *Id.*  Federal

3    Rule of Civil Procedure 23 likewise "evinces a preference for preclusion of untimely successive

4    class actions by instructing that class certification should be resolved early on."  *Id.*

5         The Supreme Court further explained that, in order to benefit from equitable tolling, a

6    plaintiff must ordinarily demonstrate that they have been diligent in pursuit of their claims.

7    *China Agritech,* 138 S.Ct. at 1808.  A plaintiff who later intervenes after denial of class

8    certification to pursue individual claims does not sleep on his or her rights because that plaintiff

9    reasonably relied on the class representative, who sued timely, to protect their interests.  *Id.*

10   However, a would-be class representative who commences suit after expiration of the limitation

11   period "can hardly qualify as diligent in asserting claims and pursing relief.  Her interest in

12   representing the class as lead plaintiff, therefore, would not be preserved by the prior plaintiff's

13   timely filed class suit."  *Id.*  Moreover, "[t]he time to file individual actions once a class action

14   ends is finite, extended only by the time the class suit was pending; the time for filing successive

15   class suits, if tolling were allowed, could be limitless."  *Id.* at 1809.

16        In concluding, the Supreme Court emphasized that "[t]he watchwords of *American Pipe*

17   are efficiency and economy of litigation, a principal purpose of Rule 23 as well.  Extending

18   *American Pipe* tolling to successive class actions does not serve that purpose.  The contrary rule,

19   allowing no tolling for out-of-time class actions, will propel putative class representatives to file

20   suit well within the limitation period and seek certification promptly."  *China Agritech,* 138 S.Ct.

21   at 1811.

22        The same policy reasons discussed in *China Agritech* warrant prohibiting the Intervenors

23   here to "piggyback" on an earlier, timely filed class action.  Allowing them to do so does not

24   serve the purposes of Rule 23.  Accordingly, in light of the holding and reasoning of *China*

25   *Agritech*, the Court finds that the Intervenors' reasons for and length of delay weigh against

26   intervention.

27   ///

28

### 3. Interest Relating to Property or Transaction[5]

A proposed intervenor must demonstrate a "significantly protectable interest" in the property or transaction which is the subject of the action for intervention to be proper. *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996), *as amended on denial of reh'g* (May 30, 1996) (citation omitted). "To demonstrate this interest, a prospective intervenor must establish that (1) 'the interest [asserted] is protectable under some law,' and (2) there is a 'relationship between the legally protected interest and the claims at issue. *Id.* (citation omitted). "An applicant generally satisfies the 'relationship' requirement only if the resolution of the plaintiff's claims actually will affect the applicant." *Donnelly v. Glickman,* 159 F.3d 405, 410 (9th Cir. 1998).

The Intervenors contend that they each have a significant protectable interest in this litigation because intervention is the only way that their claims can be presented in a class setting. (Doc. No. 164 at p. 6.) According to the motion, the Intervenors' cases are not worth pursuing individually,[6] but the class collectively paid a significant sum of twenty-two million dollars to Defendant. (*Id.*) Defendant counters that the Intervenors have not shown how resolution of Plaintiffs April and Timothy Lindblom's individual claims will actually affect them. (Doc. No. 174 at p. 6.) The Court agrees.

The heart of these motions is the Intervenors' request to resurrect class allegations through intervention. The answer to this request must be no. *See Lidie v. State of Cal.*, 478 F.2d 552 (9th Cir. 1973) ("[W]here the original plaintiffs were never qualified to represent the class, a motion to intervene represents a back-door attempt to begin the action anew, and need not be granted."). While the Intervenors contend that they have a protectable interest in litigating their claims in a class setting, this case is no longer a class action. Upon denial of class certification, this case was "stripped of its character as a class action" and now proceeds solely as an individual action. Fed.

---

[5] Although the Court need not reach any of the remaining elements of intervention as of right under Rule 24 because the motion is not timely, they will nonetheless be addressed as they likewise weigh against intervention. *See League of United Latin American Citizens*, 131 F.3d at 1302.

[6] Indeed, during oral argument on the motion, counsel for the Intervenors could not represent that the Intervenors wished to intervene to pursue their individual rights.

R. Civ. P. 23 advisory committee's note to 1966 amendment; *United Airlines, Inc.,* 432 U.S. at 393; *Bohn,* 2013 WL 12246336, at *4. The Intervenors do not explain how, if at all, resolution of Plaintiffs April and Timothy Lindblom's individual claims will affect them or how their interests are related to the individual claims at issue. Moreover, the Intervenors have not established that their interest in pursuing a particular *class action procedure*, as opposed to protecting a substantive right, is protectible under Rule 24(a)(2). Accordingly, the Court finds that the Intervenors do not have significant protectable interest in this action and this factor likewise weighs against intervention.

### 4. Impairment of the Intervenors' Interests

The impairment element of Rule 24(a) is met "[i]f an absentee would be substantially affected in a practical sense by the determination made in an action[.]" *Citizens for Balanced Use v. Montana Wilderness Ass'n,* 647 F.3d 893 (9th Cir. 2011) (quoting Fed. R. Civ. P. 24 advisory committee's note to 1966 amendment.) Defendant argues that this element is not satisfied because other means exist to protect the intervenors' interests, including filing individual claims or arbitration. (Doc. No. 174 at pp. 7-8.)

Having found that the Intervenors offered no argument that they have a protectable interest in property or transaction which is the subject of the action because it proceeds solely on Plaintiffs April and Timothy Lindblom's individual claims, it necessarily follows that such an interest would not be impaired by resolution. Moreover, Defendant is correct in its assertion that the Intervenors are not without a remedy and have other means to pursue their interests, such as filing an individual action or arbitration. Although the Intervenors contend that class treatment is more advantageous "[m]ere inconvenience . . . caused by requiring [the Intervenors] to litigate separately is not the sort of adverse practical effect contemplated by Rule 24(a)(2)." *Blake v. Pallan,* 554 F.2d 947, 954 (9th Cir. 1977); *see also United States v. City of Los Angeles,* 288 F.3d 391, 399 (9th Cir. 2002) ("Whether an applicant's interest would be impaired by disposition of a lawsuit depends on the range of dispositions open to a court about which an applicant is entitled to be concerned, not the specific disposition the original parties are seeking to have a court approve.") (quoting *Brennan v. Conn. State UAW Cmty. Action Program Council (CAP),* 60

13

F.R.D. 626, 631 (D.Conn.1973)).  Accordingly, the Court finds that the impairment element likewise disfavors intervention.

### 5.  Adequacy of Representation

Whether the existing parties may adequately represent a proposed intervenors' interest considers three factors: (1) whether the interests of the existing party are "sufficiently similar" to that of the intervenor "such that the legal arguments of the latter will undoubtedly be made by the former"; (2) whether the existing party is "capable and willing to make such arguments"; and (3) whether the intervenor, if permitted to intervene, "would add some necessary element to the proceedings which would not be covered by the parties in the suit." *Blake,* 554 F.2d at 954-955.

As discussed above, class certification has been denied and this case no longer proceeds as a class action and instead solely concerns Plaintiffs April and Timothy Lindblom's individual claims.  Therefore, Plaintiffs April and Timothy Lindblom and the Intervenors do not have the same or "sufficiently similar" interests and it cannot be said that the Intervenors would add any "necessary element" that Plaintiffs April and Timothy Lindblom cannot address.  The Court therefore finds that the adequacy of representation element has not been satisfied here.

### B.      Motion for Leave to Substitute Class Representative

Plaintiff also filed a Motion for Leave to Substitute Class Representative, arguing that the Court has discretion to allow her or the class leave to find a new representative when class certification has failed.  (Doc. No. 156 at p. 4.)  According to Plaintiff, other courts have recognized that, where a proposed class representative is inadequate or has atypical claims, the case could properly be certified as a class action if a different representative were found.  (*Id.* at pp. 5-6.)  Defendant contends that Plaintiff's motion is essentially a motion for reconsideration of the prior motions to intervene that should be denied for the same reasons set forth in the Court's prior order.  (Doc. No. 160 at p. 9.)  Moreover, Defendant asserts that the cases Plaintiff cites for the proposition that substitution of a class representative is appropriate are distinguishable because they do not involve motions for leave to substitute a class representative after class certification has been denied.  (*Id.*)

The parties do not cite to any particular rule or standard governing Plaintiff's Motion for

14

Leave to Substitute Class Representative and instead appear to contend that resolution is within the Court's discretion. (*See* Doc. Nos. 156, 160, 162.) Some courts have considered requests for leave to substitute a class representative brought prior to class certification under Federal Rule of Civil Procedure 15's standards for motions for leave to amend the pleadings. *See, e.g., Hitt v. Arizona Beverage Co., LLC,* 2009 WL 4261192, at *4 (S.D. Cal. Nov. 24, 2009) (considering motion to amend and substitute another plaintiff for the named plaintiff filed prior to class certification under Rules 15 and 16); *Velazquez v. GMAC Mortg. Corp.,* 2009 WL 2959838, at *3 (C.D. Cal., Sept. 10, 2009) (applying Rule 15 to a motion for leave to amend the complaint and substitute the named plaintiffs brought prior to class certification); *Bohn,* 2013 WL 12246336, at *1 (analyzing motion for leave to amend complaint and substitute class representative under Rules 15 and 16).[7] Plaintiff's motion was brought after class certification was denied, and absent argument or citation to controlling authority to the contrary, the Court therefore finds that Rule 15 is inapplicable to Plaintiff's request.

Some courts have also used a discretionary standard and conditioned class certification upon substitution of another named plaintiff where the named plaintiff was not an adequate representative and the court found that the proposed class otherwise satisfied the requirements of Federal Rule of Civil Procedure 23. *See Tait v. BSH Home Appliances Corp.*, 289 F.R.D. 466, 477 (C.D. Cal. 2012) (reasoning that that "[t]he decision to grant or deny a motion for class certification is committed to the trial court' broad discretion" and "[a]s long as the proposed class representative satisfies the requirements of Rule 23, the court may certify the class conditioned upon the substitution of another named plaintiff.") (citations omitted); *Nat'l Fed'n of Blind v.*

---

[7]    Plaintiff only identifies one case that involved a grant of leave to substitute a class representative made after class certification had been denied, which was also decided under the standards of Rule 15. *See Hernandez v. Balakian,* 251 F.R.D. 488 (E.D. Cal. 2008). However, although in that case leave was granted after class certification had been denied, the motion for leave to amend was filed in lieu of a reply brief on the motion for class certification and was therefore brought before the denial of class certification. *Id.* at p. 489. This decision is not binding precedent and the Court declines to follow its holding in light of the distinguishable procedural posture of this case. *See United States v. Robinette,* 2013 WL 211112, at *4 (E.D. Cal. Jan. 18, 2013) (citing *Boyd v. Benton,* 374 F.3d 773, 781 (9th Cir. 2004) ("In the Ninth Circuit, the decisions of state courts, other circuits, and district courts are not binding precedent.. . . Rather, only those decisions established by the Supreme Court or the Ninth Circuit are binding.").

*Target Corp.,* 582 F.Supp.2d 1185 (N.D. Cal. 2007) (accord).  However, in this case the Court did not find that the proposed class otherwise satisfied the requirements of Federal Rule of Civil Procedure 23 and denial was not conditioned upon substitution of another named plaintiff.  (*See* Doc. No. 132.)  These cases do not indicate that leave to substitute a class representative is appropriate where, as here, class certification has been denied.

Additionally, "after a class has been certified, Courts regularly allow replacement of the named plaintiff." *Miller v. Mercedes–Benz USA,* 2009 WL 1393488, at *1 (C.D. Cal., May 15, 2009); *see also Sanchez v. Wal Mart Stores, Inc.,* 2009 WL 2971553, at *3 (E.D. Cal. Sept. 11, 2009) ("[L]eave to substitute a different class representative may be granted when there is a certified class already in place."); *Myers v. Intuit, Inc.*, 2018 WL 2287425 (S.D. Cal. May 18, 2018) (substitution of a new class representative "is primarily applicable to cases in which a class has been certified[.]"); "[T]he reason substitution is appropriate after class certification is that 'once certified, a class acquires a legal status separate from that of the named plaintiffs,' such that the named plaintiff's loss of standing does 'not necessarily call for the simultaneous dismissal of the class action, if members of that class might still have live claims.' This line of reasoning is inapposite ... where no class has yet been certified." *Velazquez,* 2009 WL 2959838, at *3 (quoting *Birmingham Steel Corp. v. Tennessee Valley Auth.,* 353 F.3d 1331, 1036 (11th Cir.2003)); *see also Miller,* 2009 WL 1393488, at *2 (denying request to substitute a new class representative because no class had been certified); *Sanchez,* 2009 WL 2971553, at *3 (accord).

However, although Plaintiff initially brought this case as a putative class action, no class has been certified or class representative appointed.  Instead, class certification has been denied.  Once class certification was denied, the case was no longer a class action and it now proceeds solely as an individual action.  Fed. R. Civ. P. 23 advisory committee's note to 1966 amendment*; United Airlines, Inc.,* 432 U.S. at 393; *Bohn,* 2013 WL 12246336, at *4. Thus, the putative class has not "acquire[d] a legal status separate from that of the named plaintiff" and leave to substitute a new class representative is not warranted under the foregoing authorities.  *See Miller,* 2009 WL 1393488, at *1.

For the same reasons discussed above in connection with the Motion to Intervene as of

16

Right, the Court finds that the motion is not timely, and no good cause exists to exercise its discretion and grant leave to substitute a new class representative. Plaintiff primarily contends that leave to substitute a new class representative is appropriate because the law changed with the Supreme Court's decision in *China Agritech*, 138 S.Ct. 1800, and prior to that time "any member of the putative class would have believed that this action would likely proceed as a class even if [Plaintiff] proved not to be an adequate representative." (Doc. No. 156 pp. 7-8.) However, because Plaintiff's motion for class certification was denied, this is now an individual action. *See Bohn*, 2013 WL 12246336, at *4. There is no longer a class and the rights of the former putative class members therefore are not implicated. *See id.* Plaintiff's inadequacies as a class representative were purportedly disclosed in discovery yet she did not move to substitute a new class representative until several months after denial of class certification. (*See* Doc. No. 160 at pp. 10.) Plaintiff was "obligated to know . . . whether [she] adequately represented the claims [she] brought in [her] complaint." *Bohn*, 2013 WL 12246336, at *4 (citing *Soto v. Castlerock Farming and Transport, Inc.*, 2011 WL 3489876, at *7 (E.D. Cal. Mar. 19, 2012)); *In re Flash Memory Antitrust Litigation*, 2010 WL 2332081, at *17 (N.D. Cal. June 9, 2010) ("It is axiomatic that Plaintiffs should have made a preliminary determination that each of their representatives actually [was adequate]. Such an inquiry should have been conducted at the inception of the litigation, not years after the action had commenced."). Thus, the Court finds that substitution of a class representative is not appropriate in this case.

Even if the Court were to analyze Plaintiff's motion under a Rule 15(a) standard, leave to amend is not warranted. *See Loehr v. Ventura Cty. Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984) ("Several factors govern the propriety of a motion under rule 15: (1) undue delay, (2) bad faith, (3) futility of amendment, and (4) prejudice to the opponent"); *Union Pac. R.R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991) (reasoning that amendments "seeking to add claims are to be granted more freely than amendments adding parties.").

In light of the status of the case, Plaintiff unduly delayed in bringing her motion. The complaint was amended several times before this case was transferred to this Court and has since been amended twice. (Doc. Nos. 1, 27, 81.) *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th

Cir.1990) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.").  As discussed above, numerous milestones have passed in this litigation and allowing leave to substitute a class representative would needlessly delay the resolution of Plaintiffs April and Timothy Lindblom's individual claims.  Further, Plaintiff knew or should have known of her inadequacies as a class representative long before the motion was filed. *See Jackson v. Bank of Hawaii,* 902 F.2d 1385, 1388 (9th Cir. 1990) ("relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading."); *Lidie v. State of Cal.*, 478 F.2d 552 (9th Cir. 1973) ("[W]here the original plaintiffs were never qualified to represent the class," a motion to add a new named plaintiff "represents a back-door attempt to begin the action anew, and need not be granted."); *see also Osakan v. Apple American Grp.*, 2010 WL 1838701, at *3–4 (N.D. Cal. May 5, 2010) (denying leave to amend where plaintiff should have been aware of representative's infirmities despite defendants' non-responsiveness during discovery because "[t]he burden of preparing [the] case for trial is on Plaintiff").

Granting Plaintiff leave to substitute a new class representative would additionally be futile. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir.1991) ("A district court does not err in denying leave to amend ... where the amended complaint would be subject to dismissal." (citation omitted)).  Plaintiff has not identified a new class representative or explained how this unidentified representative would be adequate and class certification would be appropriate. *See Sanchez,* 2009 WL 2971553, at *3.  She also has not submitted a proposed amended pleading which is complete in itself in support of her motion and the motion otherwise does not set forth any facts indicating that this unidentified representative has a valid claim. *See* Local Rule 220. Accordingly, the Court finds that Plaintiff's request for amendment is futile as it does not set forth a plausible claim on behalf of any proposed class representative.

Substitution of a new class representative at this stage in the proceedings would further be prejudicial to Defendant for the same reasons discussed above in connection with the Motion to Intervene as of Right. *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing

18

party that carries the greatest weight.") Allowing Plaintiff leave to name a new class representative would derail this case and would require significant and costly discovery to essentially relitigate the case, including determining whether this new unidentified class representative is truly in the class and an adequate and typical representative as well as whether class certification would otherwise be appropriate with this new unidentified plaintiff. The successive motions to intervene filed to date indicate that substitution of a class representative would require significant litigation to resolve disputes surrounding the numerous potential class representatives. At this stage in the proceedings where discovery is over, class certification has been denied, and the case proceeds solely as an individual action, requiring the parties to conduct discovery to explore the merits of a new unidentified class representative and essentially begin the case anew would be highly prejudicial to Defendant. S*ee Wilson v. Frito-Lay North America, Inc.,* 2017 WL 3478776, at *5 (N.D. Cal. Aug. 14, 2017) ("While it is generally true that courts permit substitution in the early stages of class action litigation, courts typically deny such requests when made late in the case, particularly after the filing and disposition of substantive and plaintiff-specific motions."). The Court concludes that this prejudice to Defendant additionally warrants denial of Plaintiff's request for leave to amend.

Finally, if the Court were to construe Plaintiff's motion as a motion for reconsideration as Defendant suggests, Plaintiff has failed to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion[.]" Local Rule 230(j). Plaintiff argues that substitution is appropriate because the law changed with the Supreme Court's decision in *China Agritech*, 138 S.Ct. 1800. (Doc. No. 156 at pp. 7-8.) The effect of *China Agritech* was addressed in the Court's order denying the prior motions to intervene. (Doc. No. 147.) Plaintiff's argument regarding the rights of absent putative class members lack merit for the same reasons explained therein. Plaintiff does not identify any new or different facts or circumstances that would warrant reconsideration of the Court's order. Accordingly, Plaintiff's motion is denied.

### C.     Motion for Certification of Interlocutory Appeal

Plaintiff has additionally filed a Motion for Certification of Interlocutory Appeal

requesting that the Court certify any order denying the Motion for Leave to Substitute Class Representative for interlocutory appeal.  (Doc. No. 177.)  An interlocutory appeal of a non-final order may be certified if the district court determines that "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly."  *James v. Price Stern Sloan, Inc.,* 283 F.3d 1064, 1067 n. 6 (9th Cir. 2002).   The purpose of the section is to "facilitate disposition of the action by getting a final decision on a controlling legal issue sooner, rather than later" in order to "save the courts and the litigants unnecessary trouble and expense."  *United States v. Adam Bros. Farming, Inc.,* 369 F.Supp.2d 1180, 1182 (C.D. Cal. 2004) (citation omitted).

"An issue is 'controlling' if its resolution could materially affect the outcome of the litigation."  *Simmons v. Akanno*, 2011 WL 1566583, at *3 (E.D. Cal. Apr. 22, 2011) (citing *In re Cement Antitrust Litig. (MDL No. 296),* 673 F.2d 1020, 1026 (9th Cir. 1981)).  In addition, "[t]he legal question must be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law."  *McFarlin v. Conesco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004).  "Interlocutory appeal under 28 U.S.C. § 1292(b) is appropriate only in extraordinary cases and it was not intended merely to provide review of difficult rulings in hard cases." *Carr v. AutoNation, Inc.,* 2018 WL 3913810, at *2 (E.D. Cal. Aug. 15, 2018) (citing *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966)).  A party's disagreement with the Court's ruling does not establish a substantial ground for difference of opinion sufficient to certify an order for interlocutory appeal.  *Id.* (citing *Couch v. Telescope,* 611 F.3d 629, 633 (9th Cir. 2010)).

Plaintiff has not demonstrated that an interlocutory appeal of the Court's order denying the Motion for Leave to Substitute Class Representative is appropriate.  Plaintiff's argument that *China Agritech* bars absent putative class members from litigating their claims on a class basis is unpersuasive.  *China Agritech* has no bearing on substitution of a class representative.

Additionally, class certification has been denied and this case proceeds solely on Plaintiffs April and Timothy Lindblom's individual claims. An interlocutory appeal of the Court's order denying the Motion for Leave to Substitute Class Representative will not facilitate disposition of the action, which is limited to Plaintiffs April and Timothy Lindblom's individual claims, nor will it materially advance the ultimate termination of this action by securing a final decision on a controlling legal issue. Instead, it will only further delay resolution of this action and result in unnecessary expense. Therefore, Plaintiff's Motion for Certification of Interlocutory Appeal is denied.

**IV.    CONCLUSION**

      For the reasons described above, the Court orders as follows:

    1.  the Intervenors' Motion for to Intervene as of Right (Doc. No. 164) is DENIED,

    2.  Plaintiff's Motion for Leave to Substitute Class Representative (Doc. No. 156) is DENIED, and

    3.  Plaintiff's Motion for Certification of Interlocutory Appeal (Doc. No. 117) is DENIED.

IT IS SO ORDERED.

    Dated:  **September 23, 2019**          /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE